UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY EDWARD LEWIS,  )  )  Plaintiff,  )  )  v.  )  )  JIM ZION and IVY TECH STATE COLLEGE,  )  )  Defendants.  ) | CAUSE NO: 1:04-CV-459-TS |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 9], filed by Defendant Jim Zion on January 26, 2005.

**BACKGROUND**

The pro se Plaintiff, Anthony E. Lewis, is an African-American. Between February 1999 and August 3, 2004, he worked as a computer technician at Defendant Ivy Tech State College, where Codefendant Jim Zion was his supervisor. The Plaintiff claims that during his employment at Ivy Tech, Zion repeatedly harassed him, creating a hostile work environment. The Plaintiff believes he was treated poorly because of his race and alleges that white computer technicians were not treated the way he was. The Plaintiff states that he repeatedly filed complaints with upper management and Human Resources, but nothing was done to relieve the problem. The Plaintiff alleges that he was constructively discharged in retaliation for his complaints about his intolerable work conditions.

The Plaintiff filed his Complaint in this Court on December 17, 2004. On January 26, 2005, Zion moved to dismiss. The Plaintiff filed his Response on March 21, 2005, and Zion filed his Reply

on March 25, 2005.

## MOTION TO DISMISS STANDARD

Defendant Zion moves the Court to dismiss the Plaintiff's employment discrimination complaint against him under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to rule on its merits. *See Autry v. N.W. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When deciding a motion to dismiss, the court considers all allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Chaney v. Suburban Bus Div. of Reg'l Transp. Auth.*, 52 F.3d 623, 626–27 (7th Cir. 1995). If the complaint, viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* Fed. R. Civ. P. 12(b)(6); *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, it is well established that the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

## ANALYSIS

Zion contends that the Court should grant his Motion to Dismiss because he is not a proper defendant to the Plaintiff's suit. The Plaintiff refers to Zion as his supervisor, and Zion argues that under Seventh Circuit precedent, supervisors cannot be held individually liable under Title VII.

The Plaintiff's Response admits that the Seventh Circuit has ruled that supervisors cannot

be held individually liable under Title VII. However, he believes that these cases have no bearing on his own lawsuit because they are from an appellate court: he seems to take these Seventh Circuit cases to mean only that supervisors cannot be held liable in an *appellate* Title VII case. The Plaintiff's second argument is that *not all* courts have barred Title VII cases against supervisors: the First and Eighth Circuit have not explicitly ruled on this issue, and neither has the Supreme Court. The Plaintiff claims that several district courts in the First Circuit allow for a case such as his against Defendant Zion.

It is well settled that decisions from a superior court are binding on inferior courts. Accordingly, this Court is bound to follow decisions of the Seventh Circuit. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).

In this case, Zion has presented the Court with several cases that hold that supervisors are not individually liable under Title VII: *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493–94 (7th Cir.1998) (holding that supervisors are not individually liable under Title VII); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that a former supervisor has no individual liability under Title VII); *Garner v. Knoll Brothers Quick Marts, Inc.*, 962 F. Supp. 1115, 1121–22 (N.D. Ind. 1997) (holding that Title VII does not provide for supervisory liability). The Plaintiff is simply wrong to contend that these cases do not apply to district court cases; they stand for the proposition that plaintiffs may not hold their supervisors individually liable under Title VII.

Seventh Circuit precedent states that this Court may not find Zion, as the Plaintiff's supervisor, individually liable under Title VII. The Plaintiff has conceded that the caselaw says as much and has not given this Court any other grounds on which to find Zion liable. Accordingly, the Court finds that the Plaintiff has failed to state an actionable claim against Zion.

For these reasons, the Court GRANTS Defendant Zion's Motion to Dismiss [DE 9]. The Court ORDERS that Defendant Zion be DISMISSED from this case. The Plaintiff's case shall proceed against the remaining Defendant, Ivy Tech.

SO ORDERED on May 26, 2005.

                                  S/ Theresa L. Springmann
                                  THERESA L. SPRINGMANN
                                  UNITED STATES DISTRICT COURT